IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GUY M. DOMAI,<br><br>    Plaintiff,<br><br>v.<br><br>STEVE TUTTLE,<br><br>    Defendant. | ORDER AND MEMORANDUM DECISION<br><br>Case No. 2:17-cv-00446-TC<br><br>Judge Tena Campbell |

Guy M. Domai brings this action against Steve Tuttle in his capacity as the Senior Vice President at American Express. Mr. Domai is proceeding *pro se* and *in forma pauperis*.

When a plaintiff proceeds *in forma pauperis* the court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i-ii). Yet "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it

would be futile to give him an opportunity to amend." Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999).

When reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). And when a plaintiff is proceeding *pro se*, the court construes his pleadings liberally and holds them to a less stringent standard. Id. But the "broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." Id.

Here, Mr. Domai asserts that he worked for American Express from 2008 through May 20, 2011. Mr. Domai alleges that he was fired after requesting leave under the Family Medical Leave Act (FMLA). Mr. Domai seeks lost wages and benefits totalling $1 million, attorney fees totalling $350,000, and liquidated damages totalling $100,000.

Actions for violating the FMLA "may be brought . . . no later than 2 years after the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1). In the case of a "willful violation," the statute of limitations is three years. Id. at § 2617(c)(2).

Here, Mr. Domai alleges that he stopped working for American Express in May 20, 2011—the last date on which the statute of limitations could begin to run. But Mr. Domai did not file the complaint until June 28, 2017, well beyond the two- or even three-year statute of limitations. Accordingly, Mr. Domai's complaint is time-barred. No amendment could cure this defect.

Because Mr. Domai's complaint is time-barred, the court DISMISSES this case with prejudice.

DATED this 24th day of August, 2017.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge